Wood, Judge.
This ease was submitted to the jury at August term of the Supreme court, 1842, in Ashtabula county.
* The action was trover, brought to recover of the defendants [85 eight hundred and sixty-five dollars in money, lost on board the schooner Willis, which foundered in Lake Erie, in the fall of 1835, and was found in the summer of 1836, by the defendants, within the limits of Ashtabula county, who raised the schooner, and converted the money to their own use. The jury returned a special verdict, and judgment must now be entered, either for the plaintiff or defendant, according to the law of the case, as it shall be found to arise in favor of one or the «other of the parties. '
The finding of the jury is in these words :
“ First: That the plaintiff was the owner of the money mentioned *86 in the plaintiff’s declaration, on the 27th day of September, 1836r amounting to the sum of $865, and that the same,,and the interest thereon from tbe day and year last aforesaid, amounts to the sum of $1,172 07.
“ Second : That the said defendants converted the money to their own use, before the commencement of this suit.
“ Third: That the said money was found on board the schooner Gr. S. Willis, and that the said plaintiff, on the said twenty-seventh day of September, 1836, was the owner of said schooner, and that the same was lost by stress of weather, on the waters of Lake Erie, in the month of November, 1835, and was found, by the defendants, in August, of the year 1836, wrecked in sixty feet of water, etc., six miles from the south shore of the lake, and that the same was seized by the-defendants, on the day and year first aforesaid, and the said money found in the schooner, by the said defendants, and that, at the time the said schooner was seized by the defendants, the same was abandoned by the plaintiff, and that said schooner was, on the day and year aforesaid, derelict property, and when found in the bottom of the Lake was worth nothing.
“ Fourth : That a reasonable compensation to the said defendants, for raising the said schooner, and her cargo, amounts to the sum of $2400 42.
* “ Fifth : That the value of the said schooner, and her cargo, including said money, at the time said defendants raised her, and after the same was brought into port, was $1865 ; and if, on the facts aforesaid, the court should be of opinion that the plaintiff ought to recover, then the jury, aforesaid, find the defendants guilty of trover and conversion, as they are charged in the declaration, and assess the damages at the sum of one thousand one hundred and seventy-two dollars and seven cents ; but if the court shall be of opinion that the plaintiff is not entitled to recover, then the jury, aforesaid, find for the defendants,” etc.
On this special verdict the counsel for the plaintiff present three distinct points for the consideration of the court.
First: That the schooner, and the money in question, were not properly derelict at sea, and, therefore, the defendants are not entitled to the rights and privileges of maritime salvors.
Second ; That the defendants converted the money in dispute to their own use. and have, therefore, forfeited all right to salvage for the same, though they might, originally, have been entitled thereto.
*87 Third : That, if the defendants are considered as salvors, and entitled to salvage, they are not entitled to the whole, but can, at most., retain only a moiety ; and, as the defendants have both the money and the schooner, the plaintiff has the right to recover the money.
The counsel for the plaintiff also contend, that, to entitle themselves to compensation, the defendants were bound to proceed under the statute of Ohio, “ securing to the owners boats, and other watercraft, found going adrift.” These positions are all argued with ability, and evince no small industry and research ; and, under other aspects-than those presented by the special verdict, would call upon us to decide, whether our great inland seas, which are above the ebb and flow of the tide, are subject to the jurisdiction of courts of Admiralty ? Whether a conversion of the thing would defeat the maritime lien, and if not, the rule of compensation by way of salvage ; or, perhaps, whether the statute in question had any application ?
*It appears to us, however, that neither of these questions neoes- [87 sarily arise on this special verdict.
It is found, by the jury, that when the vessel was raised, and the money in question converted by the defendants, the vessel and money were derelict property, and abandoned by the owner.
Perhaps, if the term derelict only were used by the jury, there would be more difficulty in the case; for, if used in its strict maritime sense, it would not imply that the owner was divested of all right in the property. 7 Amer: Jurist, 30,'32. But when the jury find the vessel and money were, also, abandoned by the owner, we suppose they intend to be understood that all hope, expectation, and intention to recover the property were utterly and entirely relinquished; and such the judges, who tried the cause, believe was the evidence given on the trial; and, in ease of property, thus derelict and, abandoned, either on the high seas or anywhere else, it belongs to the first finder who reduces it to possession. The verdict, therefore, satisfies us, that when this conversion occurred, the plaintiff was divested of all ownership in the money, and has no right to recover.
On the face of this special verdict, however, there is a most gross inconsistency, which requires to be mentioned. It is not noticed by counsel, as it is known to be an error,- and doubtless had its origin in mistake. It finds, that when the property was taken by the defendants, on the 27th September, 1836, it was the property and money of the plaintiff; and then finds it was, at the same time, when converted by the defendants, derelict and abandoned; in other words, that the *88 plaintiff had then no property in the money. Prom the recollection of those who tried the cause, and from the fact that this circumstance is not noticed by counsel, it is evidently an error. The intention was to find, that when the property was lost, it was the property of the plaintiff, and not after it was derelict and abandoned; and the verdict has, therefore, been considered as so finding the fact.
Judgment for defendants.